**ORIGINAL**

# In the United States Court of Federal Claims

No. 15-1571C
(Filed: February 5, 2016)

**NOT FOR PUBLICATION**

**FILED**

**FEB - 5 2016**

U.S. COURT OF
FEDERAL CLAIMS

|  |  |
|---|---|
| PATRICK A. WHITE, SR., ) | Pro Se Complaint; Sua Sponte |
| ) | Dismissal for Lack of Subject Matter |
| Plaintiff, ) | Jurisdiction under RCFC 12(h)(3) and |
| v. ) | 28 U.S.C. § 1491(a)(1); Not in Interest |
| ) | of Justice to Transfer Under 28 U.S.C. |
| THE UNITED STATES, ) | § 1631. |
| ) |  |
| Defendant. ) |  |

Patrick A. White, Sr., Huntsville, TX, pro se.

Michael A. Rodriguez, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant.

## ORDER AND ORDER OF DISMISSAL

CAMPBELL-SMITH, Chief Judge

On December 23, 2015, plaintiff in the above-captioned case, Mr. Patrick A. White, appearing pro se, filed a complaint in this court styled as "A[] complaint of retaliation and police brutality."[1] Compl. 1, ECF No. 1. Mr. White is a prisoner of the Texas Department of Criminal Justice in Huntsville, Texas.[2] See IFP Appl. 3. Mr.

---

[1] The United States appears as defendant in the case caption according to Rule 10(a) of the Rules of the United States Court of Federal Claims (RCFC), which states that "[t]he title of the complaint must name all the parties . . . with the United States designated as the party defendant." RCFC 10(a). Mr. White did not name the United States as a defendant in his complaint, or in any document he subsequently filed.

[2] A prisoner is defined as "any person incarcerated . . . in any facility who is . . . convicted of, [and] sentenced for . . . violations of criminal law." 28 U.S.C. § 1915(h).

White also filed an application to appear in forma pauperis, seeking permission to proceed without paying the court's filing fee. IFP Appl., Jan. 19, 2016, ECF No. 6.

For the reasons explained more fully below, the court **GRANTS** the IFP application and finds that it lacks jurisdiction over Mr. White's complaint. Accordingly, the court sua sponte **DISMISSES** plaintiff's complaint for lack of jurisdiction pursuant to Rule 12(h)(3) of the Rules of the United States Court of Federal Claims (RCFC). The court further finds that it is not in the interest of justice to transfer the complaint to a district court.

I.   Legal Standards

The Tucker Act provides for this court's jurisdiction over "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1) (2012).

> [I]t has been uniformly held, upon a review of the statutes creating the [Court of Federal Claims] and defining its authority, that its jurisdiction is confined to the rendition of money judgments in suits brought for that relief against the United States, and if the relief sought is against others than the United States the suit as to them must be ignored as beyond the jurisdiction of the court.

United States v. Sherwood, 312 U.S. 584, 588 (1941) (internal citations omitted).

A plaintiff must "identify a substantive right for money damages against the United States separate from the Tucker Act itself" for the court to exercise jurisdiction over a claim. Todd v. United States, 386 F.3d 1091, 1094 (Fed. Cir. 2004). The substantive source of law allegedly violated must "'fairly be interpreted as mandating compensation by the Federal Government.'" United States v. Navajo Nation, 556 U.S. 287, 290 (2009) (quoting United States v. Testan, 424 U.S. 392, 400 (1976)).

"Subject-matter jurisdiction may be challenged at any time by the parties or by the court sua sponte." Folden v. United States, 379 F.3d 1344, 1354 (Fed. Cir. 2004). "In deciding whether there is subject-matter jurisdiction, "the allegations stated in the complaint are taken as true and jurisdiction is decided on the face of the pleadings." Folden, 379 F.3d at 1354 (quoting Shearin v. United States, 992 F.2d 1195, 1195–96 (Fed. Cir. 1993)).

Complaints filed by pro se plaintiffs are often held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972).

However, pro se plaintiffs must still meet jurisdictional requirements. Kelley v. Dep't of Labor, 812 F.2d 1378, 1380 (Fed. Cir. 1987) ("[A] court may not similarly take a liberal view of [a] jurisdictional requirement and set a different rule for pro se litigants only."). If the court determines that it does not have subject matter jurisdiction, it must dismiss the claim. Rules of the United States Court of Federal Claims (RCFC) 12(h)(3).

II.     Plaintiff's Application to Proceed In Forma Pauperis

On January 19, 2016, Mr. White filed an application to proceed in forma pauperis (IFP). IFP Appl., ECF No. 6. Pursuant to 28 U.S.C. § 1915, a "court of the United States" is permitted to waive filing fees under certain circumstances.[3] See 28 U.S.C. § 1915(a)(1)(2012). As explained by the website maintained by the court regarding pro se information, "in forma pauperis" is defined as "[p]ermission to sue without prepayment of fees, given by the court to a person who does not have financial means to pay." See Pro Se Information, U. S. Court of Federal Claims, http://www.uscfc.uscourts.gov/pro-se-information (last visited Feb. 4, 2016).

Mr. White's application consisted of a motion, an affidavit affirming that he has no access to assets, and a certified copy of his prison account statement dating back to July 1, 2015.[4] Id. A prisoner who brings suit in a federal court is subject to a limitation on proceeding in forma pauperis—commonly known as the "three strikes rule."

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

---

[3]     The Court of Federal Claims, while not generally considered to be a "court of the United States" within the meaning of Title 28 the United States Code, is deemed to be a "court of the United States" for purposes of this statute, and thus has jurisdiction to grant or deny IFP applications. See 28 U.S.C. § 2503(d) (deeming the Court of Federal Claims to be "a court of the United States" for the purposes of 28 U.S.C. § 1915).

[4]     The certified copy of Mr. White's prison account statement is dated January 7, 2016 and shows a balance current to that date of $2.28, and a six month average balance of $0.00. IFP Appl. 3.

The court's review of decisions issued in prior federal lawsuits shows that Mr. White has filed at least three complaints, while incarcerated,[5] that a Texas district court has dismissed as being frivolous or for failure to state a claim upon which relief may be granted. See Dismissal Order, White v. Tex., No. 5:10CV83 (W.D. Tex. Mar. 31, 2010), ECF No. 9 (dismissing complaint under 28 U.S.C. § 1915(e)(2)(B) as frivolous and for failure to state a claim upon which relief may be granted), appeal dismissed, No. 10-50541 (5th Cir. Sept. 27, 2010); Order of Dismissal, White v. Tex. Dep't of Criminal Justice, No. 4:10CV1625 (S.D. Tex. May 11, 2010), ECF No.6 (dismissing complaint under 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A as frivolous, malicious, and for failure to state a claim); White v. Garcia, No. 2:10CV137, 2010 WL 3199770, at *1 (N.D. Tex. Aug. 12, 2010) (dismissing complaint under 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e)(2) as frivolous and for failure to state a claim upon which relief may be granted); see also White v. Garcia, No. 2:10CV137, 2010 WL 3199781 (N.D. Tex. July 29, 2010), ECF No. 8 (recommending dismissal of complaint under 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e)(2) as frivolous and for failure to state a claim upon which relief may be granted). This court previously dismissed a complaint by Mr. White for failure to pay the filing fee. White v. United States, No. 15-505 C, 2015 WL 6511536, at *1 (Fed. Cl. Oct. 28, 2015).

Upon receipt of this complaint, the court issued an opinion and order finding that, although Mr. White had accumulated "three strikes" under 28 U.S.C. § 1915(g), he sufficiently alleged that he is under imminent threat of serious personal injury, and thus, could proceed in forma pauperis. Order, Dec. 23, 2015, ECF No. 3. The court's order further set out that the claims made by Mr. White sounded in tort, and thus are not part of the jurisdiction of this court. Id. (citing 28 U.S.C. § 1491 (a)(1) (court does not have jurisdiction to render judgment upon any claim against the United States in cases sounding in tort); Hebert v. United States, 114 Fed. Cl. 590, 593 (2014) (failure to comply with court's jurisdictional requirements not excused even for pro se plaintiffs)). Mr. White was directed to "carefully consider whether he wants to do so, since ultimately he would be obligated to pay the entire $350 filing fee." Id. (citing 28 U.S.C. § 1915(b)(1) (prisoner bringing a civil action IFP shall be required to pay the full amount of the filing fee)). Mr. White responded with the filing of his IFP Application on January 19, 2016.

Because Mr. White has alleged that he is in imminent danger of serious physical injury, his IFP application is **GRANTED.** Prisoners seeking to proceed IFP are required to pay, over time, the filing fee in full. See 28 U.S.C. § 1915(b)(1). Thus, plaintiff shall be assessed, as a partial payment of the court's filing fee, an initial sum of twenty percent of the greater of (1) the average monthly deposits into his account, or (2) the average

---

[5] Each case docket identifies Mr. White by his Texas Department of Criminal Justice Number, 827179, the same number by which he is identified on this court's docket. See Pl.'s Mot. 3, ECF No. 6.

monthly balance in his account for the six-month period immediately preceding the filing of his complaint. Id. Thereafter, Mr. White shall be required to make monthly payments of twenty percent of the preceding month's income credited to his account. Id. The agency having custody of plaintiff shall forward payments from plaintiffs account to the Clerk of the Court of Federal Claims each time the account balance exceeds $10 and until such time as the filing fee is paid in full. Id.

III.    Discussion

As set forth below, plaintiff's complaint must be dismissed for lack of subject matter jurisdiction pursuant to RCFC 12(h)(3), and the court finds that a transfer of plaintiff's case to another federal court is not appropriate.

    A.    The Court Does Not Have Jurisdiction Over Plaintiff's Claims

Mr. White's complaint does not clearly state against whom it is asserted. Instead, Mr. White identifies several law enforcement officers, prison guards, and the medical department where he is incarcerated. Compl., passim. As Mr. White is a prisoner of the state of Texas, the individuals he has identified are presumably state employees, not federal. This court's jurisdiction is limited to certain claims "against the United States." 28 U.S.C. § 1491(a)(1); see also Sherwood, 312 U.S. at 588. Because no claim against any of these defendants could be construed as a claim against the United States, the Court of Federal Claims lacks jurisdiction to hear plaintiff's claims against all non-Federal defendants.

Even if plaintiff had directed his claim against the United States, his complaint of "retaliation and police brutality" still falls outside this court's jurisdiction. Compl. 1; 28 U.S.C. § 1491(a)(1). In his complaint, Mr. White makes several allegations, including that he is being (1) physically assaulted by employees and inmates at his correctional center; (2) subjected to a "racial medical department"; (3) sexually harassed; and (4) starved and underfed. Compl. 1-2. Mr. White's complaint requests that the states of Mississippi or New York be given "the authority to supervise all racial, retaliatory, events." Id. at 7. But, plaintiff's claim sounds in tort, and the Tucker Act plainly excludes tort claims from the court's jurisdiction, 28 U.S.C. § 1491(a)(1); Keene Corp. v. United States, 508 U.S. 200, 214 (1993).

Accordingly, plaintiff's complaint must be dismissed pursuant to RCFC 12(h)(3) for lack of subject matter jurisdiction.

    B.    Transfer of the Case to Another Court Is Not Appropriate

The court now considers whether "it is in the interest of justice" to transfer plaintiff's complaint to another court of the United States under 28 U.S.C. § 1631 (2012).

See Tex. Peanut Farmers v. United States, 409 F.3d 1370, 1374–75 (Fed. Cir. 2005) (stating that the Court of Federal Claims should consider whether transfer is appropriate once the court has determined that it lacks jurisdiction). Section 1631 states in pertinent part:

> Whenever a civil action is filed in a court as defined in section 610 of this title or an appeal, including a petition for review of administrative action, is noticed for or filed with such a court and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought. . . .

28 U.S.C. § 1631; see 28 U.S.C. § 610 (2012) (defining courts as "courts of appeals and district courts of the United States, the United States District Court for the District of the Canal Zone, the District Court of Guam, the District Court of the Virgin Islands, the United States Court of Federal Claims, and the Court of International Trade"). "The phrase 'if it is in the interest of justice' relates to claims which are nonfrivolous and as such should be decided on the merits." Galloway Farms, Inc. v. United States, 834 F.2d 998, 1000 (Fed. Cir. 1987); see id. (stating that "[f]rivolous claims include 'spurious and specious arguments'" (quoting Devices for Med., Inc. v. Boehl, 822 F.2d 1062, 1068 (Fed. Cir. 1987)).

"A decision to transfer rests within the sound discretion of the transferor court, and the court may decline to transfer the case '[i]f such transfer would nevertheless be futile given the weakness of plaintiff's case on the merits.'" Spencer v. United States, 98 Fed. Cl. 349, 359 (2011) (alteration in original) (quoting Faulkner v. United States, 43 Fed. Cl. 54, 56 (1999)).

The majority of Mr. White's claims have been raised in prior law suits and are not new. The United States District Court for the Southern District of Texas dismissed a similar complaint by Mr. White under 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A as frivolous, malicious, and for failure to state a claim. White v. Tex. Dep't of Criminal Justice, No. 4:10CV1625 (S.D. Tex. May 11, 2010) (alleging being "harassed" and "targeted" in prison). The District Court cited to several prior cases arising out of the state of Texas in which Mr. White made similar claims that were also dismissed as frivolous. Id. (citing White v. Collins, C.A. No. 07-cv-1098 (N.D. Tex. 2007) (dismissed for want of prosecution); White v. State of Texas, C.A. No. 10-cv-0083 (W.D. Tex. 2010) (dismissed as frivolous); White v. Collins, C.A. No. 07-cv-1097 (N.D. Tex. 2007) (dismissed for want of prosecution)). Because it is clear that plaintiff has already unsuccessfully made several attempts to bring his claims in the venue of his home state, the court can discern no identifiable nonfrivolous cause of action that would potentially have merit in another court. Thus, transfer of plaintiff's complaint is not in the interest of justice.

IV.  Conclusion

For the foregoing reasons, the court **GRANTS** the IFP application and finds that it lacks jurisdiction over plaintiff's claims. The Clerk of Court is directed to **DISMISS** plaintiff's complaint for lack of jurisdiction. The Clerk of Court will enter judgment for defendant. No costs.

IT IS SO ORDERED.

*[signature]*
PATRICIA E. CAMPBELL-SMITH
Chief Judge